IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN BARGER,
    Petitioner,

vs.                              Case No.: 3:12cv185/RV/EMT

MICHAEL D. CREWS,
    Respondent.
_____/

**O R D E R**

    This cause comes on for consideration upon the magistrate judge's Report and Recommendation dated January 11, 2013 (doc. 16). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). I have made a de novo determination of all timely filed objections.

    Having considered the Report and Recommendation, and the timely filed objection thereto (doc. 18), I have determined that the Report and Recommendation should be adopted, but as modified below.

    Accordingly, it is now **ORDERED** as follows:

    1.    The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this order, with the following modification:

    2.    The petition for writ of habeas corpus (doc. 1) is **GRANTED**, to the extent that the petitioner challenges his sentence as a "Violent Felony Offender of Special Concern" (VFOSC). See generally Report at 16-24. The state court has already determined that the state violated Barger's plea agreement by seeking to have him sentenced as a VFOSC, but it only corrected the "error" by striking that designation from the judgment and sentence. The question remaining, however, is whether the sentencing judge thought that the VFOSC determination had removed his discretion to impose a non-incarceration sentence. While it is true, as the Report and Recommendation notes, that Section 948.06(8) of the Florida Statutes provides that the sentencing court loses discretion to impose a non-custodial sentence only if it first found that the petitioner "pose[d] a danger to the

community" (either in writing or orally[1]), based on my review of the sentencing transcript, it appears quite likely that the court did so find. The sentencing court made clear that it found (and designated) the petitioner to be a violent offender under Section 948.06(8) and, "as such," it found that "community supervision is not appropriate" (emphasis added). It is quite probable that the sentencing court --- while it short-circuited the statute and skipped over Section 948.06(8)(e) --- apparently believed that it could not do anything other than "sentence the offender up to the statutory maximum" [Fla. Stat. § 948.06(8)(e)(2)(a)], which in this case was the seven-year cap per the plea agreement.

3. It is established that the state violated its plea agreement with Barger. That violation was unfairly prejudicial to the defendant because the sentencing judge seemingly felt that the only sentencing option was seven years in prison. Under these circumstances, the appropriate remedy is to vacate the sentence and allow the defendant to withdraw his plea, or at his option, to proceed under the plea agreement to a new sentencing hearing.

4. Accordingly, the petitioner's habeas petition is **GRANTED,** his sentence is vacated, and the matter is remanded to the Circuit Court of Okaloosa County, Florida, for further proceedings.

**DONE AND ORDERED** this 21st day of February, 2013.

/s/ *Roger Vinson*
**ROGER VINSON**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[1] See Martin v. State, 87 So.3d 813 (Fla. 2d DCA 2012) (sentence affirmed where sentencing judge failed to issue written findings under Section 948.06(8)(e), but rather, "orally pronounced a reason consistent" with the statute).